## IN THE UNITED STATES FEDERAL DISTRICT COURT
## NORTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| **RODNEY HERRIS** | : | |
| 27457 Holiday Lane, Suite E | | Case No.: |
| Perrysburg, OH 43551 | : | |
| | | |
| As Plaintiff, | : | Judge: |
| | | |
| v. | : | |
| | | |
| **OFFICER DEAN ANDREW** | : | **COMPLAINT AND JURY** |
| 109 East Dudley St | | **TRIAL DEMAND** |
| Maumee, Ohio 43537 | : | |
| | | |
| And, | : | |
| | | Anthony J. Richardson II (0097200) |
| **OFFICER CHRISTOPHER RUTLEDGE** | : | **Law Office of Anthony J. Richardson II, LLC** |
| 109 East Dudley St | | 27457 Holiday Lane, Suite E |
| Maumee, Ohio 43537 | : | Perrysburg, OH 43551 |
| | | Telephone No.: 567-209-2226 |
| And, | : | Fax No.: 567-331-8787 |
| | | Anthony@ajr2law.com |
| **OFFICER AUSTIN MCDERMOTT** | : | |
| 109 East Dudley St | | |
| Maumee, Ohio 43537 | | |
| | | |
| | | |
| And, | | |
| | | |
| **CITY OF MAUMEE/MAUMEE POLICE DEPARTMENT** | | |
| 400 Conant St, Suite E | | |
| Maumee, Ohio 43537 | | |
| | | |
| As Defendants. | | |

## COMPLAINT AND JURY TRIAL DEMAND

Now comes Plaintiff Rodney Herris, by and through counsel, and brings this action against Defendants named, for damages sustained by Plaintiff due to conduct by one, some, or all Defendants and states:

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343 (2023), because the controversy arises under the U.S. Constitution and 42 U.S.C. § 1983.  This Court has authority over attorney's fees pursuant to 42 U.S.C. § 1988 (2023).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) (2023), because the events giving rise to this complaint happened in this district.

3. The parties are subject to this Court's jurisdiction and venue.

## PARTIES

4. The above paragraphs are hereby incorporated by reference as if fully set forth herein.

5. This action is brought forth by Plaintiff Rodney Herris, under the legal theories of battery, assault, violation of U.S. Constitution and 42 U.S.C. § 1983 (2023), and reckless or conscious disregard for rights under State law.

6. Plaintiff Rodney Herris is an individual and citizen of Ohio and the United States of America. Rodney's domicile is in Ohio, and he resides in the greater Toledo, Ohio, area in a mobile home.

7. Defendants are the City of Maumee and its police department and agent-officers, Officer Andrew Dean, Officer Christopher Rutledge, and Officer Austin McDermott, who are being pursued in this action in their official and individual capacities.

8. The City of Maumee is an entity which operates and is located in Ohio and the United States of America.  It is located at 400 Conant St, Suite E, Maumee, Ohio 43537.

2

9.  Officer Andrew Dean is an individual and citizen of Ohio and the United States of America. Officer Andrew Dean is an officer and agent of the City of Maumee and has authority to act as a state actor under the color of law. Officer Andrew Dean works and operates in his professional capacity as an agent-officer at 109 East Dudley Street Maumee, Ohio 43537.

10. Officer Christopher Rutledge is an individual and citizen of Ohio and the United States of America.  Officer Christopher Rutledge is an officer and agent of the City of Maumee and has authority to act as a state actor under the color of law.  Officer Christopher Rutledge works and operates in his professional capacity as an agent-officer at 109 East Dudley Street Maumee, Ohio 43537.

11. Officer Austin McDermott is an individual and citizen of Ohio and the United States of America.  Officer Austin McDermott is an officer and agent of the City of Maumee and has authority to act as a state actor under the color of law.  Officer Austin McDermott works and operates in his professional capacity as an agent-officer at 109 East Dudley Street Maumee, Ohio 43537.

## GENERAL FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. On December 23, 2021, the Maumee Police Department responded to a medical emergency involving Plaintiff.

13. Medical professionals attended to the situation and subsequently left the premises, which was Plaintiff's residence.

14. Despite the resolution of the medical emergency, Maumee police officers Andrew Dean, Christopher Rutledge, and Austin McDermott remained at Plaintiff's residence.

15. Upon arrival at the scene, despite immediate notice that the emergency had been resolved, several responding officers entered and remained at Plaintiff's residence. Officers Rutledge

and Dean proceeded to question and harass Plaintiff while present at his residence.

16. Officer McDermott went into a nearby room to talk with Plaintiff's partner, Renee Michel.

17. Plaintiff began to express his frustration about Renee and how she had not been a good caretaker for him as he was recovering from a medical procedure.

18. Plaintiff never threatened or implied he would physically abuse Renee on or before December 23, 2021, and there was no domestic violence allegation or investigation at that time, no criminal complaint from Renee against Plaintiff at that time, and no exigent circumstance to warrant police presence or intrusion into Plaintiff's residence.

19. Plaintiff began to tell the officers of his medical issues and his recent discharge from the hospital as he sat down on his stair steps inside his home.

20. Plaintiff stated that he was in a fragile medical state and any movement was tolling, including moving up and down the stairs.

21. Plaintiff attempted to get up from his seated position on the staircase and talk with the officers, at which time Officer Rutledge pushed him back down.

22. Officer Rutledge asked what the officers could do to help Plaintiff and he replied "Leave. Go home. Enjoy your afternoon."

23. The officers ignored this request, *see* 18 above, cited no legal grounds justifying their continued presence in Plaintiff's home, and continued to question him.

24. After the officers ignored Plaintiff's request that the officers leave, Plaintiff attempted to speak to Renee, at which time Officer Rutledge interrupted him stating "Nope. Talk to me. You're not going to talk to anybody else until we're done."  This was an attempt by Officer Rutledge to restrict Plaintiff's speech and freedom.

25. Plaintiff, once more, attempted to stand up in order to talk to Renee, yet the officers pushed

him back on the staircase in an attempt to restrict Plaintiff's movement and freedom.

26. Plaintiff again attempted to, with care, stand up and step forward to catch Renee's attention around the corner as his verbal pleas were not heard, however, the officers pushed him against the wall and began to arrest him.

27. All three officers detained Plaintiff with Officer McDermott restraining his left arm, Officer Dean restraining his right arm, and Officer Rutledge handcuffing him.

28. Officer Rutledge was able to restrain Plaintiff's left hand but then struggled to even open the right-hand cuff.

29. It was then that Officer McDermott slammed Plaintiff to the staircase where Plaintiff was previously seated, as the police report narrative drafted details how Officer McDermott recklessly "pulled [Plaintiff] towards the staircase and took him to the ground" because the officer without due regard for Plaintiff or his nonviolent protesting and right to be free from governmental intrusion in his own home, thought it would be "safer and easier to place [Plaintiff] into handcuffs from the ground."

30. With Plaintiff's hands behind his back there was no way for Plaintiff to brace or soften his blow from the stairs.

31. As a result, Plaintiff suffered a major laceration to his face and began to bleed profusely.

32. With the force of the three officers, they placed the remaining cuff on Plaintiff, a sixty-year-old man, and fully restrained him while a pool of plaintiff's blood settled and grew in size on the stair steps.

33. Plaintiff never protested with violence or made any threatening gestures toward the officers, neither before nor after officers detained and severely injured Plaintiff without justification or need.

34. Officers let Plaintiff lay on the staircase until the medics arrived back to his house and transported him to Flower Hospital.

35. AS a result of the officer's actions, Plaintiff suffered severe injuries to his face, requiring, among other things, surgery and none stitches.

## COUNT ONE:
## 42 USC § 1983 - CIVIL ACTION FOR DEPRIVATION OF RIGHTS

36. The above paragraphs are hereby incorporated by reference as if fully set forth herein.

37. Officers Dean, Rutledge, and McDermott, acting under the color of law as employees of the Maumee Police Department, deprived Plaintiff of his rights under the Fourth Amendment to the United States Constitution.

38. The above paragraphs are hereby incorporated by reference as if fully set forth herein.

39. On December 23, 2021, Officers Dean, Rutledge, and McDermott of the Maumee Police Department arrived at Plaintiff's house for a medical emergency.

40. Officers Dean, Rutledge, and McDermott placed Plaintiff under arrest for "noncompliance" after they told Plaintiff he could not move and speak freely in his own home.

41. While Plaintiff was under arrest and his hands were restrained behind his back, Officers Dean, Rutledge, and McDermott forcibly pushed him against a wall and subsequently slammed him down onto the stair steps in a reckless manner.

42. The physical contact inflicted by Officers Dean, Rutledge, and McDermott upon Plaintiff was harmful and offensive to a person of ordinary sensibilities, let alone a fragile, recovering man, and it resulted in severe injuries to Plaintiff's face, requiring him to receive nine stitches in the emergency room.

43. The officers' actions of unlawfully arresting Plaintiff and using excessive force during the arrest constituted a violation of Plaintiff's constitutional rights to be free from unreasonable seizures and to be free from the use of excessive force by law enforcement.

44. The officers' actions were not justified by any legitimate law enforcement purpose and were undertaken without probable cause or reasonable suspicion in his own home.

45. The deprivation of Plaintiff's constitutional rights by Officers Dean, Rutledge, and McDermott was done intentionally, willfully, and with deliberate indifference to Plaintiff's rights and well-being.

46. The City of Maumee, as the employer of Officers Dean, Rutledge, and McDermott, is responsible for the training, supervision, and control of its employees, and its policies or customs contributed to the violation of Plaintiff's constitutional rights.

47. As a direct and proximate result of the deprivation of his constitutional rights, Plaintiff suffered harm, including physical injuries, emotional distress, and other damages.

**COUNT TWO**
**RECKLESS ACTS**

48. The above paragraphs are hereby incorporated by reference as if fully set forth herein.

49. Officers Dean, Rutledge, and McDermott, while acting in the course and scope of their employment as officers of the City of Maumee, engaged in reckless acts and displayed extreme disregard in their treatment of Plaintiff.

50. The above paragraphs are hereby incorporated by reference as if fully set forth herein.

51. On December 23, 2021, Officers Dean, Rutledge, and McDermott of the Maumee Police Department arrived at Plaintiff's house for a medical emergency.

52. Officers Dean, Rutledge, and McDermott placed Plaintiff under arrest for "noncompliance" after they told Plaintiff he could not move and speak freely in his own home.

53. While Plaintiff was under arrest and his hands were restrained behind his back, Officers Dean, Rutledge, and McDermott forcibly pushed him against a wall and subsequently pulled him down onto the stairs.

54. The physical contact inflicted by Officers Dean, Rutledge, and McDermott upon Plaintiff was harmful and offensive to a person of ordinary sensibilities, let alone a fragile, recovering man, and it resulted in severe injuries to Plaintiff's face, requiring him to receive nine stitches in the emergency room.

55. Despite the absence of any reasonable grounds to do so, Officers Dean, Rutledge, and McDermott unlawfully arrested Plaintiff and used excessive force during the arrest.

56. Plaintiff is a sixty-year-old man who had just been discharged from the hospital at the time of the incident and posed no threat to the officers.

57. The officers' actions were reckless and with conscious disregard, as they failed to exercise the degree of care, skill, and diligence that a reasonable police officer would exercise in similar circumstances.

58. Officers Dean, Rutledge, and McDermott's reckless acts include, but are not limited to, questioning and harassing Plaintiff after the resolution of the medical emergency, remaining on the premises without justification, and using unnecessary and excessive force while Plaintiff's hands were restrained behind his back.

59. The officers' reckless acts and conscious disregard caused Plaintiff to suffer severe injuries to his face, requiring him to receive nine stitches in the emergency room, as well as physical pain, emotional distress, and other damages.

## CONCLUSION

**WHEREFORE**, Plaintiff prays for a judgment against City of Maumee and its agent, Officers Andrew Dean, Christopher Rutledge, and Austin McDermott, for a sum in excess of $40,000,000.00, to include compensatory damages, consequential damages, special damages, all economic or noneconomic damages applicable, statutory damages, punitive damages, attorney fees, court and incidental costs, interest, along with any and all other relief found to be just and proper by this Court or the record as it become apparent.

Respectfully submitted,

  /s/ Anthony J. Richardson, II, Esq.  
Anthony J. Richardson II (0097200)
**Law Office of Anthony J. Richardson II, LLC**
27457 Holiday Lane, Suite E
Perrysburg, OH 43551
P:(567) 209-2226; F:(567) 331-8787
Anthony@ajr2law.com

## JURY DEMAND

Plaintiff requests that all issues of fact be tried to a jury.

Respectfully submitted,

  /s/ Anthony J. Richardson, II, Esq.  
Anthony J. Richardson II (0097200)
**Law Office of Anthony J. Richardson II, LLC**
27457 Holiday Lane, Suite E
Perrysburg, OH 43551
P:(567) 209-2226; F:(567) 331-8787
Anthony@ajr2law.com

## PRAECIPE OF SERVICE

**TO THE CLERK OF COURTS:**

     Please issue summons and copies of this Complaint and serve same upon the following

parties:

**CITY OF MAUMEE**
**AGENT - MAYOR RICHARD H. CARR**
400 Conant St, Suite E
Maumee, Ohio 43537

**MAUMEE POLICE DEPARTMENT**
**CHIEF JOSH SPROW**
109 East Dudley St
Maumee, Ohio 43537


**MAUMEE POLICE DEPARTMENT**
**OFFICER DEAN ANDREWS**
109 East Dudley St
Maumee, Ohio 43537

**MAUMEE POLICE DEPARTMENT**
**OFFICER CHRISTOPHER RUTLEDGE**
109 East Dudley St
Maumee, Ohio 43537

**MAUMEE POLICE DEPARTMENT**
**OFFICER AUSTIN MCDERMOTT**
109 East Dudley St
Maumee, Ohio 43537


     /s/ Anthony J. Richardson, II, Esq.
Anthony J. Richardson II (0097200)
**Law Office of Anthony J. Richardson II, LLC**
27457 Holiday Lane, Suite E
Perrysburg, OH 43551
P:(567) 209-2226; F:(567) 331-8787
Anthony@ajr2law.com